## WALTER C. PEACOCK v. JOHN G. ROTHWELL.

PETITION FOR REHEARING.

ARGUED NOVEMBER 16, 1907.    DECIDED NOVEMBER 20, 1907.

HARTWELL, C.J., WILDER, J., AND CIRCUIT JUDGE LINDSAY
IN PLACE OF BALLOU, J.

PLEADING—*unliquidated demand.*

> An action on a covenant in a lease for rent, water rates and
> taxes is an action for an unliquidated demand under Sec.
> 1712 R. L.

OPINION OF THE COURT BY HARTWELL, C.J.

At the argument which was allowed upon the question
whether the original action was for a liquidated or for an un-
liquidated demand the plaintiff referred to the definition of
a liquidated demand as one which is agreed upon or definitely
settled by stipulation between the parties or by operation of
law. The rent being fixed by the lease and the water rates and
taxes by law he claims that nothing was uncertain or unliqui-
dated in the demand.   The defendant contends that if the de-
mand originally was definitely fixed by the covenant in the
lease as to the rent and by operation of law as to the water
rates and taxes the payments of $152.50 and $200, leaving the
balance of $554, sued for, left the demand unliquidated since
the action was not brought for an account stated.   He also
points out that the cause of action in the present case was not
trespass by using a void attachment.

This action was tried and has been treated not as an action
of trespass on the case by a malicious prosecution nor trespass
by an attachment illegally obtained but as trespass on the case

in obtaining a lawful attachment maliciously and without probable cause.

We regarded the original action as brought for an unliquidated demand in which an attachment is obtainable on an averment that the defendant debtor is disposing of his property without averring intent thereby to defraud his creditors so that in this view there was no doubt of the existence of probable cause.

A plaintiff's demand is not liquidated by reason solely of his declaring upon a written instrument. The statute, Sec. 1711 R. L., relating to liquidated demands, provides a form of petition for process "In all suits for the recovery of money upon evidences of indebtedness, or vouchers certain or computable by the court, that is to say: upon promissory notes, bills of exchange, drafts, orders, bonds and other instruments parol or specialty;" Sec. 1712, relating to unliquidated demands, provides for a form of petition in all civil cases involving unliquidated demands to recover money or damages "pursuant to the words, or the spirit or intent of any law heretofore, now, or hereafter to be passed, or of any instrument in writing signed by any party, or of any verbal understanding, contract or agreement, or in consequence of any injury direct or consequential to the party plaintiff, or to his property, real or personal, or to his character, or his feelings."

The demand on which the action was brought, not being for the recovery of money on any of the instruments of the kind mentioned in Sec. 1711, it is not a liquidated demand within the meaning of that section, and consequently it must be an unliquidated demand within Sec. 1712.

The petition for rehearing is denied.

*C. W. Ashford* for plaintiff.

*A. G. M. Robertson* for defendant.